**UNITED STATES of America,**
**Appellee,**

v.

**Charles Edward SHELTON, Appellant.**

**No. 72-1042.**

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1972.

Decided Aug. 25, 1972.

Weldon Leroy Maddox, Baltimore, Md. (Court-appointed), for appellant.

John G. Sakellaris, Asst. U. S. Atty. (George Beall, U. S. Atty., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and RUSSELL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

■ While discussing the issue under several headings and stating it in different ways, this appeal as set forth in defendant's brief poses really but a single issue. Convicted under an indictment charging violations under Section 2113(a), (b) and (d), 18 U.S.C., the defendant complains of the failure of the District Judge to charge and hold "that in order to convict the defendant on Count 3 (i. e., Section 2113(d) ) it will be necessary to show that the gun, if in fact, the jury determines that a gun or firearm was used, it will be necessary to show that the weapon was, in fact, loaded and could be fired". He contends in substance that Section 2113(d), which authorizes an increase in the punishment for the crime of bank robbery if, in the course of the robbery, the defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device", does not embrace a situation where the Government fails to establish that the "dangerous weapon" was actually capable of putting the lives of the bank employee in *actual,* as opposed to *apparent,* jeopardy.

The argument is unconvincing. We refuse to adopt a construction so rigid in its application as to make a nullity of the statute and to rob it of its manifest purpose. It has been well stated that, "A gun is commonly known, regarded and treated by society as a dangerous device by both the reasonable man and the person at whom it is pointed, without pause to determine whether a round is in the chamber." Baker v. United States (5th Cir. 1969) 412 F.2d 1069, 1071–1072, cert. den. 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509. In our judgment, the pointing by a bank robber of a sawed-off shot-gun at bank employees in the course of a robbery, menacingly and with an implied threat to use it (as in this case), is a sufficient basis for a jury to find that the lives of such employees were placed in jeopardy and that an aggravated assault of the type con-

templated under Section 2113(d) was committed, irrespective of whether there was any proof that the gun was loaded or was fired during the robbery. United States v. Beasley (6th Cir. 1971) 438 F.2d 1279, 1282–1283, cert. den. 404 U.S. 866, 92 S.Ct. 124, 30 L.Ed.2d 110, reh. den. 404 U.S. 1006, 92 S.Ct. 566, 30 L. Ed.2d 559; Baker v. United States, *supra*; United States v. De Palma (9th Cir. 1969) 414 F.2d 394, 396, cert. den. 396 U.S. 1046, 90 S.Ct. 697, 24 L.Ed.2d 690.[1] As the Court in United States v. Thomas (6th Cir. 1972) 455 F.2d 320, 322–3, said, "We specifically reject the contention that this statute should be construed so as to put the burden of proof on the government of showing that such weapons were in fact operable and loaded during the course of the crime. The actual facts are, of course, peculiarly within the control of the perpetrators of the crime and peculiarly invulnerable to law enforcement investigation. In most instances (other than those where the bandits are captured on the scene), such interpretation would serve to render this section of the statute totally ineffective. We decline to attribute any such intent to Congress." Since it was thus not necessary for the Government to prove that the gun used on this occasion was loaded in order to make out its case under Section 2113(d), the refusal by the District Court of the request to charge was not error, and the assignments of error on this account are without merit. It might be added that, while the Government did not offer any direct proof that the gun was loaded, the defendant himself did not testify or offer any testimony that the gun was unloaded or would not fire.

The other exceptions are wholly without merit.

 After the defendant was convicted under several counts of a violation of subsections (a), (b) and (d) of Section 2113, 18 U.S.C., the District Court imposed sentences under all three counts, to run concurrently. Such duplicitous sentences are improper, and this case must accordingly be remanded for the purpose of correcting the sentence by vacating all but one of the sentences imposed. See United States v. Brown (4th Cir. 1971) 443 F.2d 1174; United States v. Spears (4th Cir. 1971) 442 F.2d 424, 425; cf., however, United States v. Corson (3d Cir. 1971) 449 F.2d 544, 551, and Gorman v. United States (2d Cir. 1972) 456 F.2d 1258, 1259.

Affirmed on merits but remanded for purpose of correction of sentence.

---

1. Some Courts, while demanding an "objective" finding of "fear" to support a conviction under Section 2113(d), reach substantially the same result by finding that the brandishing of the gun in the face of bank employees warrants an inference that the gun was loaded; but whatever the rationale employed, the use by a bank robber of a sawed-off shot-gun in a threatening manner, has uniformly been held sufficient to withstand a motion for acquittal under Section 2113(d) and thus to render inappropriate the requested charge in this case. See United States v. Roustio (7th Cir. 1972) 455 F.2d 366, 371–372; United States v. Marshall (2d Cir. 1970) 427 F.2d 434, 436–437; Note, 32 La.L.Rev. 158, 160–1 (1971).