**UNITED STATES of America,
Appellee,**

v.

**James Edward NEWKIRK, Appellant.**

**No. 72-1806.**

United States Court of Appeals,
Fourth Circuit.

Submitted June 25, 1973.

Decided July 18, 1973.

---

2. Notice of Motion for Bill of Particulars and Discovery and Inspection, dated April 14, 1972, at page 1.

Thomas P. McNamara, U. S. Atty., and Joseph W. Dean, Asst. U. S. Atty., on brief, for appellee.

James R. Rogers, III, Raleigh, N.C., Court-appointed, on brief, for appellant.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

James Edward Newkirk appeals from a judgment entered on his conviction for robbing a federally insured bank by intimidation and putting a life in jeopardy during the robbery, in violation of 18 U.S.C. § 2113(a) and (d).

Newkirk assigns as reversible error: (1) the government's failure to prove that he used a dangerous weapon as required by 18 U.S.C. § 2113(d); (2) the court's instructions relating to the meaning of assault and putting lives in jeopardy; (3) the court's failure to instruct the jury that they should consider the lack of evidence as well as the evidence actually adduced at trial; and (4) the court's alleged misstatement of the government's burden of proof.

■ Section 2113(d) of Title 18, U.S.C., authorizes an increase in the punishment for the crime of bank robbery if, in the course of the robbery, the defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device . . . ." Newkirk contends that the evidence in the present case was insufficient to establish that the gun allegedly used by the robber was a dangerous weapon, because there was no showing that the gun was loaded or capable of being fired.

Mrs. Joy Creech, a teller at the First National Bank of Smithfield, North Carolina, testified that on the morning of April 19, 1971, an unmasked man violently pushed open the door of the bank, walked directly to her teller window, and told her that a stick up was in progress. She testified that she did not believe him until he pulled a gun and pointed it at her and handed her a brown paper bag, which he ordered her to fill with ten and twenty dollar bills. Mrs. Creech described the gun as a dark steel, long barreled .38 caliber revolver.

Controlling here is United States v. Shelton, 465 F.2d 361 (4 Cir. 1972), in which we held that " 'the pointing by a bank robber of a sawed-off shot-gun at bank employees in the course of a robbery, menacingly and with an implied threat to use it (as in this case), is a sufficient basis for a jury to find that the lives of such employees were placed in jeopardy and that an aggravated assault of the type contemplated under Section 2113(d) was committed, *irrespective of whether there was any proof that the gun was loaded or fired during the robbery.'* " (Emphasis added.) *Id.* at 362–363. In the instant case, therefore, proof that the gun was loaded or capable of firing was not required in order to sustain a conviction of assaulting or placing in jeopardy the life of Mrs. Creech.

■ Newkirk contends that there was prejudicial error in those portions of the district court's instructions relating to the meaning of assault and putting a life in jeopardy.[1] Because Newkirk's counsel made no objection to these instructions at trial, they cannot constitute a basis for reversal unless they were plain error. Fed.R.Crim.P. 30, 52(b); United States v. Smith, 435 F.2d 832 (5 Cir. 1970). In view of our holding in United States v. Shelton, supra, that the government is not required to prove that the weapon used in a robbery was capable of putting the lives of bank employees in actual, as opposed to apparent, jeopardy, we conclude that the trial court's instructions did not constitute plain error. See United States v. Cooper, 462 F.2d 1343 (5 Cir. 1972); United States v. Beasley, 438 F.2d 1279 (6 Cir.), cert. denied, 404 U.S. 866, 92 S.Ct. 124, 30 L.Ed.2d 110, reh. denied, 404 U.S. 1006, 92 S.Ct. 566, 30 L.Ed.2d 559 (1971); Baker v. United States, 412 F.2d 1069 (5 Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970).

■ There is no merit to Newkirk's contention that the trial court erred in failing to instruct the jury that they should consider the lack of evidence in addition to the evidence in determining guilt or innocence. The decision whether or not to give this instruction is within the sound discretion of the trial judge. United States v. Hephner, 410 F.2d 930, 934 (7 Cir. 1969).

■ Newkirk's final contention is that the district court committed prejudicial error in charging the jury that "if the jury should unanimously find the accused not guilty of the crime charged in Count 2, then the jury must proceed to determine the guilt or innocence of the accused as to any lesser offense" and further that if they "should find from the evidence and beyond a reasonable doubt that the defendant was not guilty of the offense contained in the First Count, then it would reasonably follow that he could not be guilty of the offense charged in the Second Count . . . ." This language, of course, erroneously stated the government's bur-

[1]. Now, any willful attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability to do so, or any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes an assault.

So, a person who has the apparent present ability to inflict bodily harm or injury upon another person, and willfully attempts or even threatens to inflict such bodily harm, as by intentionally flourishing or pointing a pistol or gun at another person, may be found to have assaulted such person.

Now, a dangerous weapon or device includes anything capable of being readily operated, manipulated, wielded, or otherwise used by one or more persons to inflict severe bodily harm or injury upon another person.

So, an operable firearm, such as a pistol, revolver, or other gun, capable of firing a bullet or other ammunition, may be found to be a dangerous weapon or device.

To put in jeopardy the life of a person by the use of a dangerous weapon or device means, then, to expose such person to a risk of death or to the fear of death, by the use of such dangerous weapon or device.

den of proof in a criminal case. However, because counsel for Newkirk did not object to this part of the charge as required by Rule 30 of the Federal Rules of Criminal Procedure, we must find plain error to reverse on this ground. United States v. Smith, 435 F.2d 832 (5 Cir. 1970). Except for the language quoted above, the district court repeatedly advised the jury that the government had the burden of proving every essential element of the crime charged beyond a reasonable doubt. Additionally, the court fully advised the jury of the presumption of innocence in favor of the defendant. We therefore conclude that plain error was not committed.

Accordingly, we dispense with oral argument and affirm the judgment below.

Affirmed.