947 F.2d 943
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jean Claude RAVELLE, Defendant-Appellant.
 No. 90-5622.
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1991.
Decided Oct. 28, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CR-89-193)
 Argued: Norwood Bentley, III, Bowles, Rice, McDavid, Graff & Love, Martinsburg, W.Va., for appellant; Thomas O. Mucklow, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 On Brief: William A. Kolibash, United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 REVERSED IN PART AND REMANDED.
 Before ERVIN, Chief Judge, and SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jean Claude Ravelle was convicted of eight counts of violating the federal narcotics laws. He appeals only his conviction on three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Ravelle contends that the trial judge's failure to instruct the jury on the specific elements of that crime was plain error, mandating reversal. We agree and reverse his conviction on those three counts only.
 
 
 2
 * On September 22, 1989, a grand jury returned an eleven-count indictment charging Ravelle with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count 1), distribution of crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 845a(a) (Counts 2, 3, 4, 5, and 6), distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 7 and 9), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 8, 10, and 11). Three of the eleven counts were dismissed before trial at the government's request. Ravelle was then tried before a jury and convicted on the remaining eight counts.
 
 
 3
 Ravelle's sole complaint on appeal is that the district court committed plain error in failing to instruct the jury on the constituent elements of "possession with intent to distribute" the crime alleged in Counts 8, 10, and 11. During an in camera conference prior to instructing the jury, the court denied Ravelle's proposed instructions with regard to the elements of this offense. Although the court twice asked whether there were any objections to the charge, Ravelle made none. Later, after the jury had been instructed and had retired, the following colloquy took place:
 
 
 4
 THE COURT: Does the government have any suggestions as to the charge?
 
 
 5
 MR. MUCKLOW [U.S. Attorney]: Yes, Your Honor. I believe that the Court mistakenly charged the jury that counts 8, 10, and 11 are simple distribution. They actually charge possession with intent to distribute. I don't believe that the court covered the elements of those particular elements [sic].
 
 
 6
 THE COURT: We will see. 8, 10, and 11?
 
 
 7
 MR. MUCKLOW: 8, 10, 11.
 
 
 8
 THE COURT: Well, I will have to correct the verdict form. I think that will do it once they see it. Defendant have any exceptions to the charge?
 
 
 9
 MR. BENTLEY [for Ravelle]: I think it was a very fair charge.
 
 
 10
 At that point, the government asked whether the court intended to reinstruct the jury as to the elements of possession with intent to distribute. The court replied that it did not plan to do so because such reinstruction might confuse the jury. Again, Ravelle did not comment or object. Subsequently, he was convicted on all eight counts. The district court sentenced him to 235 months imprisonment on each count, sentences to run concurrently, fined him $10,000, and ordered a special assessment of $400.
 
 II
 
 11
 Ravelle failed to timely object to the jury charge in the manner prescribed by the Federal Rules of Criminal Procedure.[1] Therefore, he concedes that he cannot raise the erroneous instruction error on appeal unless the district court's failure to instruct the jury on the elements of the charge of possession with intent to distribute was plain error within the meaning of Fed.R.Crim.P. 52(b).[2] See United States v. McCaskill, 676 F.2d 995, 1001-02 (4th Cir.), cert. denied, 459 U.S. 1018 (1982).[3]
 
 
 12
 In our view, however, the district court's failure to properly instruct the jury on the elements of the offense was plain error. In United States v. Polowichak, 783 F.2d 410 (4th Cir.1986), we reversed the defendant's conviction for violations of the Travel Act, 18 U.S.C. § 1952(a)(3), because "[w]e have repeatedly said that we 'cannot and will not affirm a conviction by a jury unless the District Court instructs as to the elements of the offense charged in the information or indictment, whether requested or not.' " 783 F.2d at 415 (emphasis added) (quoting United States v. Hutchison, 338 F.2d 991 (4th Cir.[4] 1964)) Although the plain error doctrine "is to be invoked sparingly and only where a miscarriage of justice would otherwise result," Polowichak, 783 F.2d at 416 (citing United States v. Frady, 456 U.S. 152, 163 n. 14 (1982)), we believe that the flawed charge to the jury on these counts rises to that level. A careful reading of the charge indicates that no instructions or guidance were given regarding the elements of possession with intent to distribute. References to the correct law were incorrectly made in the discussion of Counts 2, 4, 5, and 6, and the district court twice referred to Counts 8, 10, and 11 as involving "simple distribution."
 
 
 13
 Although the government brought the error to the attention of the court, and the district court corrected the verdict forms, we do not believe the corrected forms adequately informed the jury of the essential elements of the crime charged or substituted for a recitation of those elements in the jury instructions as required by Polowichak. Therefore, we reverse the convictions on Counts 8, 10, and 11 and remand for a new trial on those counts and for resentencing.
 
 
 14
 REVERSED IN PART AND REMANDED.
 
 WILKINS, Circuit Judge, dissenting:
 
 15
 I respectfully dissent.
 
 
 16
 The purpose of the plain error rule is to correct injustice; a review of the entire record leads me to the conclusion that the facts do not warrant its application. First, the incorrect charge was twice brought to the attention of defense counsel who, on both occasions, expressed satisfaction with the charge and even stated that it was "very fair." Second, in charging distribution the court essentially included the elements of possession with intent to distribute, for one who distributes a narcotic always possesses it with the intent to distribute at some point prior to actual distribution.
 
 
 17
 The principal case relied on by the majority, United States v. Polowichak, 783 F.2d 410 (4th Cir.1986), is distinguishable. In holding that a failure to instruct on an element of a Travel Act violation constituted plain error, the court relied in part on the fact that the complex indictment was neither read to nor explained to the jury. Here, during voir dire the trial court reviewed the charges, including possession with intent to distribute, that were contained in a comparatively simple indictment, and, after the jury was sworn, restated that the charges included possession with intent to distribute. Additionally, the Polowichak court found that the proof was "largely circumstantial and something less than overwhelming, so that misapprehension of the essential elements may have resulted in conviction despite the government's failure to meet its burden of proof on each element." 783 F.2d at 417. In contrast, the evidence of Ravelle's guilt on all counts was overwhelming.
 
 
 18
 The plain error rule is "always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.' " United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir.1982) (quoting United States v. Coppola, 486 F.2d 882, 884 (10th Cir.), cert. denied, 415 U.S. 948 (1974)). In my view, reversal of the convictions on Counts 8, 10, and 11 is not warranted.
 
 
 
 [1]
 Rule 30 of the Federal Rules of Criminal Procedure states:
 At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests.... The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.... No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection.
 
 
 [2]
 Fed.R.Crim.P. 52(b) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 
 
 [3]
 See also United States v. Newkirk, 481 F.2d 881, 883 (4th Cir.1973), cert. denied, 414 U.S. 1145 (1974); United States v. Whiting, 311 F.2d 191, 197-98 (4th Cir.1962), cert. denied, 372 U.S. 935 (1963)
 
 
 [4]
 In Polowichak, the Travel Act counts charged the defendant with involvement in a conspiracy to deliver marijuana from Charleston, South Carolina, to Philadelphia, Pennsylvania. Polowichak, 783 F.2d at 414-15. An essential element of a violation of 18 U.S.C. § 1952(a)(3) is the "specific intent to promote a business enterprise involving marijuana." Id. at 415. The defendants requested an instruction outlining all the elements of the Travel Act offense, including the specific intent element. The district court failed to give the instruction, and the defendants failed to make a proper objection