**Ernest L. KEETON, Plaintiff,**

v.

**NORFOLK SOUTHERN CORPORATION, Defendant.**

No. C–1–96–1148.

United States District Court, S.D. Ohio, Western Division.

Feb. 5, 1999.

Dexter Arthur Rabourn, Colleen Marie Hegge, Waite, Schneider, Bayless & Chesley Co—1, Robert Alan Steinberg, Waite Schneider Bayless & Chelsey, Cincinnati, OH, for plaintiff.

Walter Elliott Haggerty, Jr., Frost & Jacobs—1, Cincinnati, OH, for defendants.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Plaintiff's Motion For Judgment As A Matter Of Law On The Issue Of Contributory Negligence And/Or For A New Trial (doc. 73), to which Defendant filed a Response (doc. 76) and Plaintiff filed a Reply (doc. 83).

## DISCUSSION

On December 9, 1996, Plaintiff Ernest Keeton ("Plaintiff") brought suit against Defendant Norfolk Southern Corporation ("Norfolk" or the "Railway Company"), alleging that Norfolk's negligence caused Plaintiff's personal injuries in an accident that occurred while he was working as a carman for Norfolk at the Gest Street Yard in Cincinnati, Ohio. The facts giving rise to this case are as follows.

On June 7, 1995, Plaintiff's supervisor, Paul Gunkel instructed him to assist a fellow worker, Donald R. Hostiuck, in opening the left door of a bulging container that was located in the loading dock area. The previous day, the container had been placed to the "side" in the railyard because of its bulging condition. On the

day of the accident, Plaintiff and Mr. Hostiuck attempted to open the door. However, the contents of the door collapsed and the load fell out onto Plaintiff, causing injuries to his leg. Plaintiff claimed that the Railway Company knew that the load was unstable before the accident occurred.

Plaintiff filed suit pursuant to the Federal Employers Liability Act ("FELA"), claiming that the Railway Company was negligent because it failed to provide him with a reasonably safe place to work, failed to properly warn him of the unstable load in the container, failed to properly inspect and maintain its work area so that the load would not be unsafe to its employees, failed to train him in handling unsafe loads, failed to adopt, enforce, and carry out safe customs and practices of doing said work, and failed to provide proper implements and/or tools for handling an unsafe load. Plaintiff also argued that the Railway Company negligently created or permitted a dangerous and unsafe condition to exist on its premises so that the safety of its employees was jeopardized and that the Railway Company assigned Plaintiff to work in an unsafe and dangerous work area.

Norfolk denied Plaintiff's assertions and contended that Plaintiff's own negligence caused the accident and his personal injuries.

Trial began in this case on May 19, 1998 and continued until June 2, 1998. On June 2nd, the jury returned a verdict for Plaintiff to recover damages in the amount of $600,000.00 from Norfolk. However, the jury also found Plaintiff contributorily negligent in the amount of 50% and, thus, the recovery was reduced to $300,000.00 (*See* docs. 70 & 71). On June 15, 1998, Plaintiff filed a Motion for Judgment as a Matter of Law on the issue of contributory negligence and/or for a new trial. Thereafter, Norfolk filed a Response and Plaintiff replied.

## DISCUSSION

In this matter, Plaintiff argues that, pursuant to Rule 50(b)[1] of the Federal Rules of Civil Procedure, this Court should reconsider the jury's verdict and find for the Plaintiff as a matter of law on the issue of contributory negligence. Alternatively, Plaintiff asserts that, pursuant to Rules 59[2] and 50(b) and (c)[3], this Court should

---

1. Rule 50(b) provides, in pertinent part, that: If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law... and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:
    (1) if a verdict was returned:
    (A) allow the judgment to stand,
    (B) order a new trial, or
    (C) direct entry of judgment as a matter of law; ...
    Fed.R.Civ.P. 50(b).

2. Rule 59, which discusses when a motion for a new trial or an amendment of judgment may be granted, provides in pertinent part: A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been

    granted in actions at law in the courts of the United States....
    Fed.R.Civ.P. 59.

3. Rule 50(c), which deals with granting renewed motions for judgment as a matter of law, conditional rulings, and new trial motions, provides in pertinent part:
    (1) if the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is

grant a new trial limited to the issue of contributory negligence.

■ Based on Plaintiff's main arguments in his Motion for Judgment as a Matter of Law, we find that Plaintiff is primarily·asserting that the jury charge regarding contributory negligence should not have been submitted to the jury based on the record. ·Having reviewed the Parties' briefs and the trial record, we believe that the issue of contributory negligence should not have been submitted to the jury. Accordingly, we GRANT Plaintiff's Motion for Judgment as a Matter of Law on the issue of contributory negligence and set aside the jury's verdict. The judgment of the Court is hereby AMENDED whereby Plaintiff is entitled to the full amount of the jury's award of negligence against Defendant Norfolk for $600,000.00. The reasoning for our decision is set forth below.

■ The primary controversy in this case surrounds whether Plaintiff's 'actions on the date of the accident in any way constitute contributory negligence or whether they merely show that he assumed the risk of his employment. Generally, if there is any evidence to support an instruction of contributory negligence, a defendant in an FELA case is entitled to such an instruction. *Harris v. Illinois Cent. R.R. Co.*, 58 F.3d 1140, 1144 (6th Cir.1995) (indicating that the failure to give instructions concerning contributory negligence may constitute prejudicial error where there is any evidence to support the ·charge) (citation omitted); *see also Dixon v. Penn Central Co.*, 481 F.2d 833, 835 (6th Cir.1973). We note that "the same causation standard-whether the act contributed in any way to the injury-applies both to defendant's negligence and plaintiff's contributory negligence." *Ganotis v. New York Cent. R.R. Co.*, 342 F.2d 767, 768–69

(6th Cir.1965). Thus, just as the plaintiff who fails to produce sufficient evidence that the defendant was negligent faces dismissal of his case, the defendant who fails to produce sufficient. evidence showing contributory negligence by the plaintiff may be denied a jury instruction on contributory negligence. In other words, the plaintiff is burdened with proving that the defendant's actions constituted negligence that proximately caused his injuries; and the defendant bears the burden of proving the defense of the contributory negligence which in some manner proximately contributed to the injuries of the plaintiff. *Dixon*, 481 F.2d at 837. In satisfying the burden of showing that the plaintiff's actions constituted contributory negligence in cases where alternate reasonable courses of action existed, the defendant needs to show that the plaintiff's actions were unreasonable. *Id.*

·■ We note that even though ·there seems to be some overlap between the defenses of contributory negligence and assumption of risk, their meanings are different and their applications in regard to FELA cases are different. Contributory negligence is considered a careless act or omission on the plaintiff's part tending to *add new dangers to conditions that the employer negligently created or permitted to exist.* *Taylor v. Burlington Northern R.R. Co.*, 787 F.2d 1309, 1316 (9th Cir. 1986). Assumption of risk, on the other hand, is when an employee is knowledgeable of a *dangerous condition, yet voluntarily accepts the condition in order to perform his duties.* *Id.* While contributory negligence is not necessarily a absolute defense in a FELA case, it must be considered in diminution of damages. 45 U.S.C. § 53;[4] *Patterson v. Norfolk and W. Ry.*

reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
Fed.R.Civ.P. 50(c).

4. 45 U.S.C. § 53: Contributory negligence; diminution of damages, states that

In all actions on and after April 22, 1908 brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have

*Co.*, 489 F.2d 303, 306 (6th Cir.1973) (citing *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 505 n. 9, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957)). In regards to the assumption of risk doctrine, "every vestige" of the doctrine has been eliminated as a defense in FELA cases. *See* 45 U.S.C. § 54;[5] *Tiller v. Atlantic Coast Line R. Co.*, 318 U.S. 54, 64, 63 S.Ct. 444, 87 L.Ed. 610 (1943).

In support of his Motion, Plaintiff cites *Dixon*, 481 F.2d 833, as being directly on point to the facts of the instant matter. In *Dixon*, the Sixth Circuit reversed and remanded the case to the trial court for an entry of judgment on full verdict, concluding that, because the defendant railroad company failed to provide evidence that there was a safer way for the employee to perform his task, there was nothing to support a finding of contributory negligence. *Dixon*, 481 F.2d at 835. Moreover, the appellate court concluded that the district court should have granted the claimant's request to not present the instruction about contributory negligence to the jury. *Id.* at 837.

The claimant in *Dixon* worked as a block operator for the defendant railroad. *Id.* at 834. His usual duties included operating chest high mechanical levers that threw track switches controlling the movement of trains as they passed throughout the station. He performed his duties from the control tower. Apparently, one of the switches that the claimant handled had a history of trouble and had not been overhauled or replaced despite the railroad's knowledge of the problems. *Id.* One day the switch malfunctioned and assistance was called to repair the problem. The claimant remained in the control tower, having agreed to operate the lever in response to hand signals from the repairmen at the track side. As the claimant jiggled and pushed the lever to help the repairman locate the problem, the lever "bounced back" and caused the claimant severe injuries. *Id.*

The claimant brought suit against the railroad company pursuant to FELA and a jury awarded him $80,000.00. Subsequently, the jury found the claimant 50% contributorily negligent for his injuries and reduced the award to $40,000.00. *Id.* The claimant appealed, contending that there was no evidence from which the jury could have properly found contributory negligence. *Id.* Reversing the trial court's decision on the exclusion of the contributory negligence charge, the appellate court noted the claimant's testimony that it was customary to finish throwing a lever once it had been pushed in so far and that the defendant did not dispute that a reasonable man would have done otherwise. In essence, the court concluded that, because the railroad company failed to show that the claimant's actions were not customary and that a prudent man would have taken extra caution in dealing with the lever, there was nothing in the record to show the claimant's further attempt to throw the lever was unreasonable. *Id.*

been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

**5.** 45 U.S.C. § 54: Assumption of risks of employment, states

In any action brought against any common carrier under or by virtue of any of the provisions of this chapter to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where such injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier; and no employee shall be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

In the case at bar, Defendant Norfolk argues that Plaintiff's assertion that the appellate court's reasoning in *Dixon* governs this case should be rejected. Moreover, Norfolk proffers that the decision of *Harris,* 58 F.3d 1140 is precedent that renders facts "strikingly similar to this litigation," and thus should govern.

The *Harris* court reversed the lower court's ruling to exclude the jury instruction of contributory negligence and remanded the case. In *Harris,* the claimant, who worked as a carman at night in a dimly lit railyard, injured himself after inadvertently stepping from a boxcar onto a piece of scrap iron in the railyard. *Id.* The claimant brought suit against the railroad company pursuant to FELA. The jury found for the claimant, and the railroad company appealed, contending that it was entitled to judgment as a matter of law because of the absence of proof that it knew of the presence of scrap iron on its property and, in the alternative, that a new trial should be granted because the trial court erred in failing to instruct the court on contributory negligence.

The Court of Appeals in *Harris* held that there was sufficient evidence in the record to require the district court to instruct the jury on contributory negligence. *Id.* at 1144. The appellate court pointed to the evidence that the claimant: (1) was aware of the employer's safety rule requiring employees to observe ground conditions carefully and be sure of their footing before getting off standing equipment; (2) that he knew there was debris in the yard; (3) that the claimant was wearing a headlight that enabled him to see well in the area that he was working; and (4) that it was possible for the claimant to see the ground beneath him by using the headlight. *Id.* Further, the appellate court found especially damaging the claimant's admission that, even though he used the headlight to scan the area onto which he was stepping before he stepped from the boxcar, the claimant did not aim the headlight at the ground at the "precise mo-

ment" that he stepped from the car. *Id.* If the piece of scrap iron was big enough to cause the fall, the appellate court reasoned, then the jury could reasonably have inferred that it was big enough to be seen had the claimant kept the light aimed at the area onto which he was stepping.

While we believe that the reasoning of *Harris* is correct in relations to the circumstances of that case, we do not believe that it is applicable to the facts of the instance case. Moreover, we find that the record supports a finding that the court's reasoning in *Dixon* should be applied to the instant matter.

The realities of the workplace must be taken into consideration. *Wilson v. Burlington Northern, Inc.,* 670 F.2d 780, 783 (8th Cir.1982). On the day of the accident, Plaintiff was called upon to perform duties that were entirely different then the duties he regularly performed at the railyard. Plaintiff's supervisor, Paul Gunkel instructed Plaintiff to assist Mr. Hostiuck in opening the left door of the bulging container. Plaintiff complied with Mr. Gunkel's instruction. Although Plaintiff could observe that the container was bulging, one could reasonably expect him to place trust in Mr. Hostiuck's decision to attempt to open the left door with the forklift. First, Mr. Hostiuck was the transfer clerk for Norfolk and his duties included performing the very task that the men set out to complete on the day of the accident. Secondly, Mr. Hostiuck averred at trial that he had performed the task on many occasions in the same manner that the men were performing the task on that day. We also find that Norfolk made no showing at trial that a reasonable person in Plaintiff's position, having observed the container's right door being open prior to the attempt to open the left door, would have believed that it was unsafe to attempt to open the left door or would have declined to provide Mr. Hostiuck assistance or went to get someone else. In fact, the only evidence Norfolk points to is the safety rules that required Plaintiff to observe

the conditions of the container and to ensure that he protected himself from being struck by lading that could fall out. The evidence presented at trial by both parties showed that Plaintiff did both of those things.[6] Like the defendant in *Dixon*, we do not believe that Norfolk carried its burden of providing sufficient evidence to allow a reasonable jury to infer that, because the bulging condition of the door was "open and obvious," the actions by Plaintiff were unreasonable.

Although Norfolk contends that there was evidence presented at trial that a larger forklift was available for use by Plaintiff to perform the task, Mr. Hostiuck testified that even he reasonably believed that the forklift actually used was suitable to open the container and that he used the forklift on many occasions before the accident without any prior incidents occurring. Strengthening Mr. Hostiuck's testimony, is that of Mr. Gunkel, who testified that the only forklift available were the two small ones because they were the only ones that could fit into the dock. Furthermore, Mr. Gunkel testified that he did not cite Plaintiff for any safety violations of the Railroad. In fact, when addressing whether there was any carelessness by the men in attempting to open the container, Mr. Gunkel testified that he indicated in his report on the accident that no specific rules or instructions were violated.

We find unpersuasive Norfolk's suggestion that there was evidence of contributory negligence in Plaintiff even agreeing to perform the work if Plaintiff felt that the work was unsafe. We believe that this assertion goes not to whether Plaintiff actions were contributorily negligent, but that he assumed the risks of the dangerous condition in order to comply with the orders of his supervisor.

While Norfolk also points to other cases such as *Gish v. CSX Transportation, Inc.*, 890 F.2d 989 (7th Cir.1989) and *Hose v. Chicago Northwestern Transportation Co.*, 70 F.3d 968 (8th Cir.1995) for the proposition that Norfolk is entitled to a jury instruction on contributory negligence if there is any evidence to support that theory, we find those cases are also distinguishable from the instant case.

For instance, in *Gish*, the claimant was performing a task that was "routine;" no one ordered him to perform the task in the manner that he chose to do so, and he did not attempt to get assistance to perform the task in the customary manner. *Id.*, 890 F.2d at 992–93. In the instant case, Plaintiff's duties did not include those of the transfer clerk, Mr. Hostiuck. Instead, Plaintiff was requested by his supervisor to assist in performing the task. Plaintiff and Mr. Hostiuck performed the task in the manner Mr. Hostiuck averred had been done many times before. However, in this case, Plaintiff's task was not routine. He simply carried out orders assigned to him and he put his trust in an individual that had regularly performed that task. In other words, the way the two men performed the task in Plaintiff's case was customary.

In *Hose*, a number of people testified at the trial that the claimant did not believe it was always necessary to use safety equipment to guard against dangers and that the claimant had received numerous warnings to protect himself. *Id.*, 70 F.3d at 978. Neither of these actions can be found in the instant case.

Thus, while we do not agree that Norfolk made any admissions in its briefs and at trial as to the reasonableness of Plaintiff's conduct that would justify entering judgment outright as a matter of law as to the issue of contributory negligence, we

---

**6.** Norfolk argues that the Safety and General Conduct Rules 1160 and 1314 evidence that Plaintiff knew to observe the condition of the car doors prior to attempting to open them and to protect himself from being struck. We agree, however, we believe that the rules show only that Plaintiff assumed the risk of the container's condition in this case, not that his actions post-observation show that he acted negligently in regards to his own safety.

conclude that the record warranted the exclusion of the jury charge on the issue.

Accordingly, as for the reasons stated above, we hereby GRANT Plaintiff's Motion for Judgment as a Matter of Law on the issue of contributory negligence and set aside the jury's verdict pursuant to Fed.R.Civ.P. 50(b). The judgment of the Court is hereby amended whereby Plaintiff is entitled to the full amount of the jury's award of negligence against Defendant Norfolk for $600,000.00.

Furthermore, pursuant to Rule 50(c) of the Federal Rules of Civil procedure, we CONDITIONALLY GRANT Plaintiff's Motion for a new trial, if this judgment is vacated or reversed on appeal.

SO ORDERED.