UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JOHN BRANDON GARY,
    *Defendant-Appellant.*

No. 02-4996

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-00-199-MU)

Submitted: December 24, 2003

Decided: January 22, 2004

Before WIDENER, MICHAEL, MOTZ, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

### COUNSEL

Noell P. Tin, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

A jury convicted John Brandon Gary on five counts of bank robbery, 18 U.S.C. § 2113(a) (2000), five counts of armed bank robbery, 18 U.S.C. § 2113(d) (2000), and five counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1) (2000). The district court imposed concurrent sentences of eighty-seven months on each count of bank robbery and armed bank robbery, a consecutive seven-year sentence on the first § 924(c) count, and twenty-five-year sentences on the remaining four § 924(c) counts, to run consecutively to each other and the other counts of conviction, for a total imprisonment of 1371 months. Gary maintains on appeal that the district court erred in admitting latent fingerprint identification evidence at trial.

The district court's decision to admit expert testimony is reviewed for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997); *United States v. Powers*, 59 F.3d 1460, 1470-71 (4th Cir. 1995). In *United States v. Crisp*, 324 F.3d 261 (4th Cir.), *cert. denied*, 124 S. Ct. 220 (2003), we noted that fingerprint evidence has ably withstood the test of time and found such evidence to be reliable and properly admissible, at least at a general level. *Id.* at 269 (noting that while standards for matches may differ, all testers use the same technique). Furthermore, we stated that "a trial judge need not expend scarce judicial resources reexamining a familiar form of expertise every time opinion evidence is offered." *Id.* at 268. We concluded that fingerprint analysis is one of those forms of evidence where the reliability of the science and its general acceptance is apparent without a full reexamination of the science. *Id.* at 268-69. In light of *Crisp*'s recent approval of the methodology used by the forensics expert in this case, and Gary's failure to provide any persuasive evidence of the expert's lack of qualifications, we find no abuse of discretion in admitting the expert's testimony concerning the latent fingerprint identification evidence.

Although Gary has not raised a multiplicity claim on appeal, the judgment makes clear that the district court convicted Gary of both bank robbery, 18 U.S.C. § 2113(a), and armed bank robbery, 18

U.S.C. § 2113(d), for each of the five robberies he was charged with committing. On these ten counts, the court sentenced Gary to serve concurrent sentences of 87 months, respectively. This court may exercise its discretionary remedial power to correct the district court if it committed plain error. *United States v. Childress*, 26 F.3d 498, 502 (4th Cir. 1994). Four conditions must be met before this court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 733-37 (1993).

It is well established that section 2113(a) is a lesser-included offense of § 2113(d). *United States v. Whitley*, 759 F.2d 327, 331 (4th Cir. 1985) (en banc) (citing *Prince v. United States*, 352 U.S. 322 (1957)). In fact, this court has long recognized that § 2113 defines a primary offense of bank robbery in § 2113(a), and both mitigated and aggravated forms of that crime in subsections (b) and (d). *United States v. Shelton*, 465 F.2d 361, 363 (4th Cir. 1972); *see also United States v. Gladdis*, 424 U.S. 544, 547 (1976) (recognizing "merger" of convictions under § 2113(a) and § 2113(d) for same robbery). We find that Gary's convictions under both § 2113(a) and § 2113(d) are multiplicitous and that the court committed plain error in imposing concurrent sentences for the lesser included offenses of bank robbery. *See Shelton*, 465 F.2d at 363 (vacating duplicitous sentences even though imposed to run concurrently); *see also United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (holding that the remedy for multiplicitous convictions and sentences is to vacate the duplicative counts of conviction and attendant sentences).

Accordingly, we vacate the five convictions and sentences for the lesser included offense of bank robbery, affirm the remaining convictions and sentences, and remand to the district court to enter judgment in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*