UNITED STATES of America, Plaintiff,

v.

Allan Glen POTTS, Defendant.

No. CR–82–433 SAW.

United States District Court,
N.D. California.

Oct. 15, 1982.

Joseph P. Russoniello, U.S. Atty., Eric J. Swenson, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

James F. Hewitt, Federal Public Defender, Geoffrey A. Hansen, Asst. Federal Public Defender, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Defendant is charged with two counts of bank robbery in violation of 18 U.S.C. § 2113(a), and with two counts of bank robbery by the use of a dangerous weapon or device in violation of 18 U.S.C. §§ 2113(a) and (d). The maximum sentence for conviction is twenty years under subsection (a) and twenty-five years under subsection (d).

Defendant admits that he committed the four bank robberies charged in the indictment, and that during two of the robberies he possessed and displayed a handgun. He contends, however, that the handgun was not loaded. He further asserts that he cannot be convicted of violating § 2113(d) unless the gun was loaded. The Court has conducted a trial restricted to the issue of whether the gun was loaded during those two robberies. The Court finds that the government has not proven beyond a reasonable doubt that the gun was loaded. Consequently, the Court must decide the narrow issue of whether the commission of

a bank robbery with an unloaded gun violates 18 U.S.C. § 2113(d).

Although not of first impression, the issue this case presents has not been directly addressed by the Court of Appeals for the Ninth Circuit. There appears to be a split on the question among other circuits. Despite the unsettled state of the law, there is convincing precedent to support the conclusion that in this circuit an unloaded gun cannot provide the basis for a conviction under 18 U.S.C. § 2113(d).

Section 2113 deals with several types of bank robbery. The first is bank robbery "by force and violence, or by intimidation," 18 U.S.C. § 2113(a), and is punishable by a maximum term of imprisonment of twenty years. Section 2113(d) provides for a second category:

> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

It is clear that Congress intended to distinguish between bank robbery under § 2113(a) and under § 2113(d), since the latter is punishable by an additional five years in prison.

A number of courts of appeals have held that an unloaded gun, or fake bomb incapable of exploding, constitutes a "dangerous weapon or device" within the meaning of § 2113(d). *See United States v. Bennett,* 675 F.2d 596 (4th Cir.) (unloaded gun), *cert. denied,* —— U.S. ——, 102 S.Ct. 2306, 73 L.Ed.2d 1307 (1982); *United States v. Shannahan,* 605 F.2d 539 (10th Cir. 1979) (paper bag alleged but not proven to contain dynamite); *United States v. Cooper,* 462 F.2d 1343 (5th Cir.) (fake bomb), *cert. denied,* 409 U.S. 1009, 93 S.Ct. 452, 34 L.Ed.2d 303 (1972); *United States v. Beasley,* 438 F.2d 1279 (6th Cir.) (fake bomb), *cert. denied,* 404 U.S. 866, 92 S.Ct. 124, 30 L.Ed.2d 110 (1971); *cf. United States v. Brannon,* 616 F.2d 413, 419–20 (9th Cir.) (Sneed, J., concurring) (unloaded gun), *cert. denied,* 447 U.S. 908, 100 S.Ct. 2993, 64 L.Ed.2d 858 (1980). These decisions invoke three primary arguments in support of their conclusion that use of an unloaded gun or fake bomb is sufficient to convict under § 2113(d). First, they suggest that an assault occurs within the meaning of § 2113(d) if the robber's conduct reveals an intent to generate apprehension on the part of the victim and results in the victim being placed in reasonable apprehension. *See, e.g., Beasley, supra,* at 1282. Second, these decisions argue that because a bank robber might pistol whip a victim with an unloaded gun, the gun constitutes a dangerous weapon within the meaning of § 2113(d). *See e.g., Bennett, supra,* at 599; *Brannon, supra,* at 420 (Sneed, J., concurring). Finally, they contend that an unloaded gun is a dangerous weapon because of the possibility that it will trigger a violent response by police or bank guards attempting to prevent the robbery, endangering employees and other bystanders. *See, e.g., Bennett, supra,* at 599; *Cooper, supra,* at 1344–45.

The Court finds these arguments unpersuasive. First, the contention that an assault occurs within the meaning of § 2113(d) whenever a bank robber intentionally places a person in fear of his or her safety destroys any distinction between § 2113(a) and § 2113(d). The first section punishes bank robbery "by force and violence, or by intimidation." Section 2113(d) requires that the robber use more than intimidation. More importantly, such an interpretation of assault necessarily reads the phrase "by use of a dangerous weapon or device" in § 2113(d) to modify only the phrase "puts in jeopardy the life of any person" and not the word "assaults." The Supreme Court has expressly rejected such a construction of § 2113(d). *See Simpson v. United States,* 435 U.S. 6, 11 n. 6, 98 S.Ct. 909, 912 n. 6, 55 L.Ed.2d 70 (1978). Second, the argument that an unloaded gun is a dangerous weapon because it can be used for pistol whipping proves too much. Any heavy metal object, wooden club, or human fist could be used to strike someone during

the course of a robbery, yet to punish robberies accomplished with these objects under § 2113(d) would eliminate any distinction between § 2113(a) and § 2113(d). Finally, the suggestion that the presence of an unloaded gun during a robbery may trigger violent retaliation by law enforcement officials or bank guards also fails to provide a sound basis for distinguishing between § 2113(a) and § 2113(d). A bank robber who thrusts his fist forward inside his coat pocket and asserts that it is a gun may create a danger of retaliation equivalent to that caused by possession and display of a gun. *See Beasley, supra,* at 1285 (McCree, J., concurring in part and dissenting in part) (possibility of retaliation irrelevant where bomb was fake). Thus, these arguments lend little support to the government's position.

In addition, several courts of appeals have expressly rejected similar contentions. These cases have held that the "apparent ability" to carry out a threat to inflict bodily injury is not sufficient to establish assault or the placing in jeopardy of a life under § 2113(d); rather, the "objective capability" to carry out such a threat is required. *See United States v. McAvoy,* 574 F.2d 718, 720–22 (2d Cir. 1978); *United States v. Roustio,* 455 F.2d 366, 371 (7th Cir. 1972); *Bradley v. United States,* 447 F.2d 264, 274–75 (8th Cir. 1971), *vacated,* 404 U.S. 567, 92 S.Ct. 746, 30 L.Ed.2d 722 (1972) (death of petitioner); *cf. Evenstad v. United States,* 494 F.Supp. 146 (D.Minn.1980) (guilty plea of § 2113(d) vacated where gun used in robbery was "track gun" incapable of causing injury).

Moreover, several decisions of the Court of Appeals for the Ninth Circuit indicate that the law of this circuit does not permit conviction under § 2113(d) if it is proven that the gun used in the robbery was not loaded. In *United States v. Coulter,* 474 F.2d 1004 (9th Cir.), *cert. denied,* 414 U.S. 833, 94 S.Ct. 172, 38 L.Ed.2d 68 (1973), the court of appeals held that the fact that the trial judge charged the jury on assault although the indictment did not charge assault was not error because the charges for assault and for putting a life in jeopardy are so similar:

Assault as used in § 2113(d) requires "an intent to, and in fact generating a reasonable apprehension in a victim . . ." plus "a threat or attempt to inflict bodily harm coupled with the present ability to commit violent injury upon the person of another."

Putting life in jeopardy, on the other hand, requires "a holdup involving the use of a dangerous weapon actually so used during the robbery that the life of the person being robbed is placed in an objective state of danger."

*Id.* at 1005 (citations omitted). Both elements, then, require that the weapon used in a robbery be capable of inflicting at least violent injury. In *United States v. Jones,* 512 F.2d 347 (9th Cir. 1975), the court of appeals confirmed that a gun used in a bank robbery must be loaded to convict under § 2113(d). In that case, defendant asserted that he could not be convicted under § 2113(d) because no direct evidence was introduced that the gun in his possession during the robbery was loaded. The court of appeals found sufficient evidence for the jury to infer that the gun was loaded, thus implying that the jury must find that the gun was loaded in order to convict under § 2113(d). *Id.* at 352. *See also Wagner v. United States,* 264 F.2d 524, 530 & n. 8 (9th Cir.), *cert. denied,* 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548 (1959). More recently, in *United States v. Booth,* 669 F.2d 1231 (9th Cir. 1981), the court of appeals faced the issue of whether the trial court improperly excluded from evidence a list of gun stores and ammunition that the prosecution sought to introduce as proof that the defendant used guns and therefore "put people's lives in danger during the commission of the bank robbery in violation of 18 U.S.C. § 2113(d)." *Id.* at 1239 (footnote omitted). The court found that the list should have been admitted into evidence, and stated that "[a]lthough it is not necessary for the government to have direct evidence that the guns were loaded, there must be sufficient evidence for the jury reasonably to infer that fact. *United*

**1242**

*States v. Jones,* 512 F.2d 347, 351–52 (9th Cir. 1975)." 669 F.2d at 1240. These cases impel the conclusion that use of an unloaded gun during a bank robbery cannot provide the basis for a conviction under § 2113(d).

The government argues, however, that *United States v. Brannon, supra,* requires the opposite conclusion. In that case, the trial judge charged the jury that an assault may occur if a person has the "apparent present ability" to inflict bodily harm upon another person. The court of appeals found that the jury charge was "adequate," and that any error was "harmless," because "[t]here was sufficient evidence [in the record] for the jury to infer that the guns were loaded." *Id.* at 419. Consequently, *Brannon* is not a case in which a conviction under § 2113(d) was upheld despite a finding that the guns used in the robbery were unloaded.

Although a loaded gun or other weapon capable of inflicting actual injury is thus a necessary element for a conviction under § 2113(d), a jury may nonetheless infer from a threat to use a gun that the gun is loaded. *See, e.g., McAvoy, supra,* at 720–22; *Wagner, supra,* at 530 & n. 8. In this case, a trial to the Court was held in which the government failed to rebut defendant's evidence suggesting that the gun was not loaded during the robberies in question. Defendant therefore cannot be convicted of violating 18 U.S.C. § 2113(d). Accordingly, the Court finds the defendant guilty of violating Title 18 U.S.C. § 2113(a), as charged in Counts One through Four in the Indictment.