813 F.2d 1229
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward JACKSON, Jr., Defendant-Appellant,
 No. 86-5630.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1987.
Decided March 4, 1987.
 
 Before RUSSELL, HALL and CHAPMAN, Circuit Judges.
 Neil W. Steinhorn, Freedman & Steinhorn, on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney; Thomas F. O'Neil, III, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Charles Edward Jackson, Jr. appeals his conviction for aiding and abetting the robbery of a federally insured savings and loan association in violation of 18 U.S.C. Secs. 2113(a), (b), and (d), and 2. He contends that the district court erred in refusing to suppress the photographic identification of him and that the evidence was insufficient to support the verdict. Finding no error in any of the contentions advanced by either Jackson or his court-appointed attorney, we affirm the judgment of conviction on Count 3 for violation of 18 U.S.C. Secs. 2113(d) and 2, assault during the commission of the robbery of the savings and loan association.
 
 
 2
 * In the early morning of June 18, 1983, a black male entered the Fidelity Federal Savings and Loan Association in Severna Park, Maryland, and purchased a $10.00 money order. Fidelity Federal is insured by the Federal Savings and Loan Insurance Corporation. Shortly after the black male left another black male and a black female entered the bank, pointed guns at the bank employees, ordered the employees and customers into the vault, and proceeded to rob the institution of in excess of $10,000. Bank surveillance cameras photographed both the individual who purchased the money order and the male who committed the robbery. Shortly after the robbery an agent for the Federal Bureau of Investigation learned, from a confidential source, the identity of the male and female who committed the robbery. Both individuals were arrested and the female participant admitted her own role in the robbery and the role of Jackson as the get-away car driver. She subsequently identified Jackson in open court as the get-away driver. Several days after the robbery the branch manager and a teller were shown at different times by different agents of the F.B.I., a photographic array of six black males. The array consisted of black and white photographs depicting a full face and profile of the individuals. One of the photographs was of the defendant. Because the photograph of the defendant depicted facial hair the photographs of the other individuals similarly depicted facial hair. Both the branch manager and bank teller identified Jackson from the photographic array as the individual who had entered the bank shortly before the robbery.
 
 
 3
 Jackson challenges the identification procedure as impermissibly suggestive and unreliable. The test for determining the validity of a photographic identification is whether, in light of the circumstances, the pretrial photograph display procedure was unnecessarily suggestive. Simmons v. United States, 390 U.S. 377 (1968). An eyewitness identification from a photographic display should not be suppressed unless the identification procedure was so impermissibly suggestive that it has produced a substantial likelihood of irreparable misidentification. Id. at 384; see also Neil v. Biggers, 409 U.S. 188 (1972). If the identification is reliable then it need not be suppressed. Manson v. Brathwaite, 432 U.S. 98 (1977). Factors to be considered in assessing reliability are (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of any prior description of the individual given by the witness; (4) the level of certainty demonstrated by the witness when confronted with the photograph; and (5) the time between the crime and the confrontation. Id. at 114. We have carefully examined the photographic array, the procedures used by the agents in compiling and displaying the photographs to the witnesses, and the testimony of the witnesses regarding the identification. We conclude that the procedure was not unnecessarily suggestive nor were the identifications unreliable.
 
 
 4
 Jackson's challenge to the sufficiency of the evidence to support his conviction must also fail. The standard of review of an appellate court in addressing a claim of insufficient evidence is whether there is sufficient evidence, viewed in the light most favorable to the government, to support the verdict. See Glasser v. United States, 315 U.S. 60 (1942). We conclude that there was sufficient evidence for the trial court, sitting as trier of fact,* to conclude, beyond a reasonable doubt, that Jackson aided and abetted in the assault on a teller during the commission of the robbery of the federally insured savings and loan institution. The evidence clearly showed that a male and female took money which was in the care, custody, and possession of the federally insured institution, and that they assaulted a teller and other persons by use of a gun during the robbery. The evidence also clearly showed that Jackson participated in the crime intentionally and knowingly and aided and abetted the other participants of the robbery. Necessary to this conclusion is the acceptance of the testimony of an accomplice who testified pursuant to a plea agreement. The district court, mindful of the care with which such testimony must be viewed, found that it was truthful and was sufficiently corroborated by other evidence to be relied on. The trial judge's opportunity to observe the witness' demeanor was especially important in judging her credibility. We see no reason to disturb the resolution of credibility reached by the trial judge in this case. See United States v. Shipp, 409 F.2d 33, 36 (4th Cir.), cert. denied, 396 U.S. 864 (1969); see also Pigford v. United States, 518 F.2d 831 (4th Cir.1975).
 
 
 5
 Jackson has filed motions with this Court for leave to file a supplemental brief, in addition to the brief filed by his court-appointed attorney, and for leave to file a reply brief. In those briefs Jackson, in addition to the assignments of error made by his court-appointed attorney, advances arguments not made by his attorney. Jackson's motions are granted. The Court has considered these additional claims and finds them to be without merit. Jackson's challenge to the indictment based upon allegedly improper grand jury proceedings is frivolous. Additionally, we find no abuse of discretion in the trial court's refusal to permit Jackson to sit someplace in the courtroom other than defense counsel's table during the testimony of certain government witnesses. See United States v. Bennett, 675 F.2d 596 (4th Cir.), cert. denied, 456 U.S. 1011 (1982). Jackson also argues that the government attorney improperly made references to his prior criminal record during closing argument. Jackson's arguments in this regard might have some merit had his trial been before a jury. Because trial judges are presumed to know the law, without instructing themselves on the record to disregard argument unsupported by the evidence, this contention is meritless.
 
 
 6
 Finally, Jackson contends that he was subjected to multiple sentences. The district court found Jackson guilty of violations of 18 U.S.C. Sec. 2113(a), (b) and (d), and imposed concurrent sentences of 20 years, 10 years, and 22 years, respectively. The judgment of conviction also provided for setting aside the convictions for Sec. 2113(a) and (b) if the conviction for Sec. 2113(d) was affirmed on appeal. This provision is consistent with the holding of United States v. Whitley, 759 F.2d 327, 330-31 (4th Cir.) (en banc), cert. denied, --- U.S. ---, 54 U.S.L.W. 3227 (Oct. 7, 1985), that crimes defined in Sec. 2113(a) and (b) are lesser included offenses of the crime defined in Sec. 2113(d).
 
 
 7
 The judgment of conviction on Count 3 for violating 18 U.S.C. Sec. 2113(d) and 2, therefore, is affirmed. The case is remanded to permit the district court to set aside the sentences imposed on Counts 1 and 2 which charge violations of Sec. 2113(a) and (b).
 
 
 8
 Finding that the facts and legal arguments are adequately presented in the briefs and the record, that the decisional process would not be aided significantly by oral argument, and that Jackson's contentions are without merit, we dispense with oral argument pursuant to Fed.R.App.P. 34(a) and local Rule 34(a).
 
 
 9
 AFFIRMED AND REMANDED.
 
 
 
 *
 Jackson waived his right to be tried by a jury