COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


KENNETH W. BOND, S/K/A
 KENNETH WAYNE BOND
                                        OPINION BY
v.    Record No. 0269-99-1          JUDGE ROBERT P. FRANK
                                        JUNE 20, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Norman Olitsky, Judge

        Gregory K. Matthews for appellant.

        Michael T. Judge, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    Kenneth W. Bond (appellant) was convicted of robbery in
violation of Code § 18.2-58 and use of a firearm in the
commission of a robbery in violation of Code § 18.2-53.1.  On
appeal, he contends the trial court erred in not allowing his
twin brother to sit in the courtroom to test the accuracy of a
witness' in-court identification of appellant.  We hold that the
trial court did not abuse its discretion and affirm appellant's
conviction.

                        I.   BACKGROUND
    At trial, appellant requested that his twin brother be
permitted to sit at the defense counsel table or in the courtroom
during the trial.  Appellant argued that having his twin brother
in court would ensure that the witnesses did not merely point to

the defense table when asked if they could identify the perpetrator. Appellant wanted his brother in the courtroom so that the victim, the witnesses, and the jury could see the twin brother.

Upon inquiry by the trial court, the Commonwealth's attorney stated that appellant's twin brother was arrested in October 1997 on robbery charges and was incarcerated continuously in the Portsmouth City Jail until after a parole violation hearing on April 29, 1998. Sometime after that date, the twin brother was transferred to the Department of Corrections and incarcerated at the Indian Creek Correctional Center. The instant offenses were committed on May 7, 1998. It is evident that the twin brother could not have been the perpetrator of this offense, nor does appellant claim such.

The twin brother was incarcerated on the day of appellant's trial and was dressed in jail attire. Todd Gibson, the twin brother's parole officer, was present to testify if the court so desired. Based on the proffer of Gibson's testimony, the court ruled that it would wait until the twin brother was called "as a witness and see how it develops."

Defense counsel then stated that appellant had no intention of calling his twin brother as a witness but simply wanted to "have him present in the courtroom so that he [could] be seen, not only by the victim and witnesses in this case, but by the jury."

The Commonwealth's attorney opposed the motion and stated there was "evidence to show unequivocally that [the] twin brother had no involvement in this instance whatsoever and" that the

court should deny appellant's motion because "such would amount to confusion and trickery."

The Commonwealth's attorney further objected to the procedure because it was akin to introducing evidence that the Commonwealth would not have an opportunity to cross-examine. The trial judge ruled that appellant was free to call his brother or any other person to show misidentification by a witness, but under the circumstances of the case, he would sustain the Commonwealth's objection to simply having him sit in the courtroom.

The trial court further stated:

> I think it would be improper for me just to let him sit there with bailiffs. He is incarcerated for the safety of the courtroom as well. But I certainly, if he was going to testify, would allow him to go into civilian clothes, change, and let him take the witness stand so that the witnesses could see him and the jurors could see him and so then they could, you know, make up their minds which one of the two, if either one, did the alleged act.
>
> So I'll certainly give -- as I said earlier, give you all the opportunity in the world to present anyone who looks exactly like him, or whether it be his twin brother or not, certainly have that opportunity to be able to say when this person takes the stand or is presented before the court in any way you want to use it as a trial strategy to show that this gentleman, your client, was not the person who did this alleged offense, and I would certainly give you every opportunity to do that, but not just to have some person who is a twin brother.
>
> Under those circumstances then, being incarcerated and with all the previous statements as made by the court, I would think that would be really putting a spotlight on the situation that may or may not be germane to the issue, I don't know, but I certainly would allow the opportunity

to present him in a proper way like any other
witness.

## II.  ANALYSIS

"The conduct of a trial and the imposition of measures
necessary to ensure security and maintain decorum is left to the
sound discretion of the trial court," Martin v. Commonwealth, 11
Va. App. 397, 405, 399 S.E.2d 623, 627 (1990), and its rulings
and orders will not be reversed on appeal unless plainly wrong.
Further, federal courts have held that there is no right to an
in-court lineup and that the decision over how in-court
identifications are to be made is a matter to be left to the
discretion of the trial judge.  See United States v. Burdeau, 168
F.3d 352, 358 (9th Cir.), cert. denied, 120 S. Ct. 388 (1999);
United States v. Williams, 436 F.2d 1166, 1168-69 (9th Cir.
1970).

In United States v. Bennett, 675 F.2d 596, 598 (4th Cir.
1992), the appellant contended that the district court erred in
refusing his motion to subpoena other black males of his
approximate age and appearance to be present in the courtroom
during the in-court identification testimony.  The Fourth Circuit
ruled that "[t]he propriety of an in-court eyewitness
identification procedure is determined by the trial court in the
exercise of its discretion."  Id. (citations omitted).  The court
further opined that "the district court may . . . deny a motion
for compulsory production of witnesses who could not offer
relevant evidence and which the court believed would bring
confusion to the trial without offering protection to a defendant

not already available by the normal identification procedures."
Id.

In this case, appellant conceded that he did not plan to call his twin brother as a witness and subject the twin brother to cross-examination as to his whereabouts on the date of the offense. Appellant does not contend that his twin brother committed the offense; the unchallenged evidence established that the twin brother was incarcerated on the date of the offense. Appellant could not contend that the witness had confused the twin brother with appellant as the perpetrator.

While there is no testimony that appellant and his brother are identical twins, we can infer from appellant's motion that the brothers looked sufficiently similar to cast some doubt on the identification of the perpetrator. If the twin brother sat in the courtroom and witnesses or jurors saw him and noticed the similarity between the brothers, such similarity would have no bearing on the identification of appellant because other evidence would establish that appellant's twin brother was in custody at the time of the offense.

The trial court made it very clear, on numerous occasions, that appellant could call his twin brother as a witness or could present him before the court in any way to show that appellant was not the perpetrator. Appellant did not call his twin brother as a witness nor did he offer to present him in any other fashion.

Properly, the trial court, exercising its responsibility for courtroom security, would not allow the twin brother, as a prisoner, to sit among the audience in the courtroom.

Nevertheless, the trial court offered appellant an opportunity to present the twin brother to the jury and witnesses in a different manner.  Appellant declined that invitation.[1]

As in Bennett, placing the twin brother in the courtroom could not offer relevant evidence and would bring confusion to the trial.  Finding the trial court did not abuse its discretion, we affirm the judgment of the trial court.

Affirmed.

---

[1] Appellant, for the first time on appeal, challenged the reliability of the in-court identification.  We do not address this issue since it was not raised at trial.  See Rule 5A:18.