UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                  No. 03-4133

WILLIAM HENRY NICHOLSON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-02-119, CR-02-216)

Submitted: October 29, 2003

Decided: December 22, 2003

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michelle D. Reingold, Clemmons, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William Henry Nicholson and Michael Daniel Hammonds were indicted for the January 2, 2002, robbery of $61,857 from the First Citizens Bank of Archdale, North Carolina. Nicholson was indicted for the March 13, 2002, robbery of $10,561 from the Fidelity Bank of Mebane, North Carolina. Nicholson was found guilty by a jury of two counts of bank robbery, 18 U.S.C. § 2113(a) (2000), two counts of armed bank robbery, 18 U.S.C. § 2113(d) (2000), and two counts of carrying and using a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (2000). Nicholson, in a timely appeal, raises three issues related to the evidence introduced against him at trial. Finding no reversible error, we affirm.

First, Nicholson asserts that the evidence offered by a teller, Deborah Manzoor, who was present at the January 2, 2002, robbery of Centura Bank, was based on an impermissibly suggestive out of court photographic identification. Because Nicholson did not object to the photographic line-ups as suggestive prior to his appeal, the issue is reviewed for clear error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993) (providing standard).

In the first photographic line-up, Manzoor identified a picture of Nicholson's brother as the robber, but noted the man in the picture appeared older than the robber. After ruling out Nicholson's brother as a suspect, police conducted a second photographic line-up. Nicholson contends that the second photographic line-up was impermissibly suggestive because his photograph was substituted for the picture of his brother contained in the first photographic array. *See Holdren v. Legursky*, 16 F.3d 57, 61 (4th Cir. 1994). At the second photographic line-up, Manzoor positively identified the picture of William Nicholson as the second robber, stating "it gave me cold chills and brought everything back." Nicholson has failed to show error in the composition of the photographic array. Even if the substitution of William's picture for his brother's picture occurred as Nicholson asserts on appeal, four months elapsed between the two line-ups. There is no evidence that Manzoor chose either picture because of its position in the array. Nicholson also fails to demonstrate that his substantial

rights were affected by the identification by Manzoor in the face of the testimony by Nicholson's co-defendant, Hammonds, that Nicholson was the other robber.

Nicholson did object at trial to the admission of Manzoor's in-court identification as improper based on her identification of two different individuals in the photographic line-ups and the presence of Nicholson as the only defendant and the only black male at the defense table. The district court, after voir dire examination of Manzoor, found her identification to be admissible under the criteria established in *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972). In-court identifications are not per se impermissibly suggestive. *See United States v. Bennett*, 675 F.2d 596, 597-98 (4th Cir. 1982) (holding that propriety of in-court identification procedure is determined by trial court in exercise of its discretion, and trial court did not abuse its discretion when it admitted into evidence in-court identification of defendant, who was only black male in courtroom). Accordingly, we find the district court did not abuse it discretion in admitting Manzoor's testimony.

Second, Nicholson contends the admission of evidence that a similar robbery of Centura Bank in Asheboro, North Carolina was committed by Hammonds and Nicholson on December 17, 2001, and evidence that Nicholson and Hammonds were arrested in response to a report of an attempted robbery of First Citizens Bank in Fort Mill, South Carolina, on May 29, 2002, was irrelevant and highly prejudicial. The court found the proffered evidence to be probative of identity and not unduly prejudicial. Fed. R. Evid. 404(b). *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). The court also gave a limiting instruction that satisfied the defense. Rule 404(b) decisions are not reversed unless they are arbitrary and irrational. *United States v. Powers*, 59 F.3d 1460, 1464-65 (4th Cir. 1995). We find the district court did not abuse its discretion in admitting the evidence of Hammonds and Nicholson's arrest and Hammonds' testimony regarding the robberies. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

Nicholson objected to the admission of testimony of Stephanie Eden, a teller at Centura Bank. Eden identified Hammonds as one of the men in the surveillance photographs but failed to identify Nicholson. Eden's testimony was further colored by her emotional recounting of the manner in which the robbery was committed. Assuming, as

Nicholson suggests, that the district court improperly admitted Eden's testimony, we find that any error was harmless. *See United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994) (providing standard).

Finally, Nicholson contends the district court erred in its denial of his motion to exclude the evidence from the warrantless search of the apartment leased to his fiancee, Allison Fox. This court reviews the factual findings underlying the denial of a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, review of the evidence is made in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). The district court found that although Nicholson lived in the apartment, Fox was the leaseholder of the apartment and had access to the entirety of the property. The district court further found that Fox had standing to grant consent to search the entire apartment and that Nicholson had no expectation of privacy in the hall utility closet. The district court did not err in these findings and properly denied the motion to suppress.

Accordingly, we affirm Nicholson's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid in the decisional process.

*AFFIRMED*