**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-5056**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BENNIE A. MACK, JR.,

        Defendant - Appellant.

---

**No. 10-6648**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BENNIE A. MACK, JR.,

        Defendant - Appellee.

---

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00267-WLO-1)

---

Submitted: October 31, 2011      Decided: November 29, 2011

---

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bennie A. Mack, Jr. appeals his conviction and sentence of 135 months in prison after a jury convicted him of eleven counts of wire fraud in violation of 18 U.S.C. § 1343 (2006). Mack's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal, but raising numerous issues. Mack has filed a pro se supplemental brief and a pro se reply brief. We dismiss the appeal in part, and we affirm the district court's judgment.

Mack first contends the district court judge erred in failing to recuse himself. We review this issue for abuse of discretion. See United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). A judge has a general duty to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a) (2006); Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir. 2011). He should also disqualify himself where he has a personal bias or prejudice concerning a party, and when he has a financial interest in the subject matter in controversy that could be substantially affected by the outcome of the proceeding. 28 U.S.C. § 455(b) (2006).

Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky v. United States, 510 U.S. 540, 555 (1994). A judge is not disqualified because

3

he has been sued by a defendant in a criminal case. United States v. Watson, 1 F.3d 733, 735 (8th Cir. 1993). "[R]ecusal decisions reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons." Belue, 640 F.3d at 574. We have reviewed the record and conclude that the district court judge did not abuse his discretion in not recusing himself.

Mack next claims he was prejudiced by the conflict of interest of his former standby counsel. We may address a claim of ineffective assistance of counsel on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). To prevail on a conflict claim, a defendant must prove both "that his attorney labored under an actual conflict of interest and that the attorney's conflict adversely affected his representation." Stephens v. Branker, 570 F.3d 198, 209 (4th Cir. 2009). If he does so, then prejudice is presumed. Id. "Adverse effect cannot be presumed, however, from the mere existence of a conflict of interest." Id. We conclude the record does not conclusively show counsel was ineffective.

Mack next contends that the district court erred in denying his motion to dismiss a juror for cause. "It is well-

4

settled, of course, that an accused is entitled under the Sixth Amendment to trial by a jury composed of those who will adhere to the law and fairly judge the evidence." United States v. Smith, 451 F.3d 209, 219 (4th Cir. 2006). Deference is due to the district court's conclusions on that question, and the burden of proving partiality is upon the challenger. United States v. Turner, 389 F.3d 111, 117-18 (4th Cir. 2004). We review the district court's refusal to excuse a juror for abuse of discretion. United States v. Capers, 61 F.3d 1100, 1104 (4th Cir. 1995). We have reviewed the record and conclude that the district court did not abuse its discretion.

Mack next contends the district court erred in denying his Fed. R. Crim. P. 29 motion based on sufficiency of the evidence. We review a district court's denial of a motion for judgment of acquittal de novo. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010). We are "obliged to sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence." United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008) (internal quotation marks and citations omitted). Substantial evidence in the context of a criminal action is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's

5

guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

A defendant bringing a sufficiency challenge bears a "heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). In evaluating the sufficiency of evidence, we do not review the credibility of witnesses and assume the jury resolved all contradictions in the testimony in favor of the Government. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). "Reversal for insufficient evidence is reserved for the rare case 'where the prosecution's failure is clear.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

The elements of wire fraud under 18 U.S.C. § 1343 (2006) are: (1) existence of a scheme to defraud; (2) involving a material misrepresentation; and (3) use of wire communications in furtherance of that scheme. Neder v. United States, 527 U.S. 1, 25 (1999); United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). To establish a scheme to defraud, the Government must prove that the defendant acted with the specific intent to defraud, which may be inferred from the totality of the circumstances and need not be proven by direct evidence. United States v. Godwin, 272 F.3d 659, 666 (4th Cir. 2001). A person's plan to convert funds to his personal use after representing they will be used for others constitutes a scheme to defraud.

6

See United States v. Hawkey, 148 F.3d 920, 924 (8th Cir. 1998). "'The intent to repay eventually is irrelevant to the question of guilt for fraud.'" Allen, 491 F.3d at 186 (citations omitted). We have reviewed the record and conclude that the evidence was sufficient to support the convictions.

Mack next contends that a law enforcement officer destroyed exculpatory evidence, and the district court erred in denying his motion to dismiss the indictment. After an evidentiary hearing, the district court found that although Mack did give an officer some documents to copy, and they were lost, there was no evidence they were exculpatory in nature, that the officer acted in bad faith, or that Mack was unable to obtain comparable evidence by other reasonably available means.

We review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005). The duty to preserve evidence arises when the evidence "both possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 488-89 (1984). "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."

7

*Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Bad faith "requires that the officer have intentionally withheld the evidence for the purpose of depriving the plaintiff of the use of that evidence during his criminal trial." *Jean v. Collins*, 221 F.3d 656, 663 (4th Cir. 2000). We have reviewed the record and conclude that the district court did not err in denying Mack's motion to dismiss the indictment.

Mack next contends he was denied complete discovery or adequate access to discovery, and the district court erred in denying him a second continuance to review discovery materials. We review a district court's decision under Fed. R. Crim. P. 16 for abuse of discretion. *United States v. Caro*, 597 F.3d 608, 616, 621-22 (4th Cir. 2010). A defendant must establish prejudice to obtain reversal of a conviction for a discovery violation. *United States v. Chastain*, 198 F.3d 1338, 1348 (11th Cir. 1999). We review the denial of a motion to continue for abuse of discretion; and even if abuse is found, a defendant must show that the error prejudiced his case in order to prevail on appeal. *United States v. Williams*, 445 F.3d 724, 739 (4th Cir. 2006). We have reviewed the record and conclude that the district court did not abuse its discretion.

Mack next claims he was subjected to unconstitutional double jeopardy when the state referred his case to the Government for prosecution. We conclude that this claim is

8

without merit.  See Heath v. Alabama, 474 U.S. 82, 88-89 (1985); United States v. Lanza, 260 U.S. 377, 384 (1922); United States v. Alvarado, 440 F.3d 191, 196 (4th Cir. 2006); United States v. Jackson, 327 F.3d 273, 295 (4th Cir. 2003).

Mack next claims that he was denied the right to call and cross-examine witnesses due to the district court's denial of his requests under Fed. R. Crim. P. 17(b) and its evidentiary rulings.  The grant or denial of a request for subpoenas under Rule 17(b) is vested in the sound discretion of the district court, and the district court may deny a motion for compulsory production of witnesses who cannot offer relevant evidence. United States v. Bennett, 675 F.2d 596, 598 (4th Cir. 1982).

We review a district court's evidentiary rulings for abuse of discretion and will only overturn an evidentiary ruling that is arbitrary and irrational.  United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011).  District courts retain wide latitude to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, confusion of the issues, and interrogation that is repetitive or only marginally relevant.  Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).  We have reviewed the record and conclude that the district court did not abuse its discretion.

Mack's remaining issues are sentencing issues.  He contends the district court erred in calculating loss under U.S.

Sentencing Guidelines Manual § 2B1.1(b)(1) (2008); in finding he abused a position of trust under USSG § 3B1.3; in finding he obstructed justice under USSG § 3C1.1; in finding his offense involved sophisticated means under USSG § 2B1.1(b)(9)(C); in denying his request for downward departure based on time served; and in calculating his criminal history category.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

In determining whether the district court properly applied the advisory Guidelines, we review its legal conclusions de novo and its factual findings for clear error. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). We presume a sentence within a properly calculated Guidelines range is reasonable. Allen, 491 F.3d at 198. In sentencing, the district court should first calculate the Guidelines range and

give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant § 3553(a) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. Carter, 564 F.3d at 328, 330.

We have reviewed the record and conclude that the district court properly calculated Mack's advisory Guidelines range, and his sentence is reasonable. To the extent that he challenges the district court's decision to deny a downward departure, this decision is not reviewable and we dismiss this portion of the appeal. See Allen, 491 F.3d at 193. To the extent that he challenges the district court's decision not to sentence him below his advisory Guidelines range, we conclude that the district court did not abuse its discretion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss the appeal in part, and we affirm the district court's judgment. We deny Mack's pro se motions to proceed pro se on appeal and to strike the Anders brief. We deny appellate counsel's motion to withdraw without prejudice to him refiling the motion at the appropriate time.

11

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>